```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

David A. Robison,

       Plaintiff,

  v.                        Case No. 2:15-cv-944

Woody Coey, et al.,

       Defendants.

## ORDER

    Plaintiff David A Robison, an inmate at the Chillicothe Correctional Institution, filed the instant civil rights action pursuant to 42 U.S.C. §1983 against defendants Woody Coey, Cody Posey, Brent Cruse, Corby Free, Roger Wilson, and Gary Mohr, alleging violations of his First and Fourteenth Amendment rights. This matter is now before the court for consideration of the September 14, 2015, report and recommendation of the magistrate judge, recommending that the defendants' May 26, 2015, motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim be granted in part and denied in part. Specifically, the magistrate judge recommended the dismissal of all official capacity claims on the ground of Eleventh Amendment immunity; the dismissal of plaintiff's procedural due process and "liberty interest" claims as to all defendants; and the dismissal of plaintiff's retaliation claims against defendants Cruse, Free, Wilson and Mohr. The magistrate judge further recommended that the motion to dismiss the retaliation claim against defendants Coey and Posey be granted in part and denied in part. Plaintiff filed an objection to the report and recommendation on September 23, 2015.

    If a party objects within the allotted time to a report and

recommendation, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1); see also Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1).

In ruling on a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff, accept all well-pleaded allegations in the complaint as true, and determine whether plaintiff undoubtedly can prove no set of facts in support of those allegations that would entitle him to relief. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Bishop v. Lucent Technologies, Inc., 520 F.3d 516, 519 (6th Cir. 2008); Harbin-Bey v. Rutter, 420 F.3d 571, 575 (6th Cir. 2005). To survive a motion to dismiss, the "complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." Mezibov v. Allen, 411 F.3d 712, 716 (6th Cir. 2005).

While the complaint need not contain detailed factual allegations, the "[f]actual allegations must be enough to raise the claimed right to relief above the speculative level," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), and must create a reasonable expectation that discovery will reveal evidence to support the claim. Campbell v. PMI Food Equipment Group, Inc., 509 F.3d 776, 780 (6th Cir. 2007). A complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "The plausibility standard is

2

not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Where the facts pleaded do not permit the court to infer more than the mere possibility of misconduct, the complaint has not shown that the pleader is entitled to relief as required under Fed.R.Civ.P. 8(a)(2). Id. Plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555; see also Ashcroft, 556 U.S. at 679 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Plaintiff's only objection to the report and recommendation addresses the magistrate judge's recommendation that the retaliation claim against defendant Cruse be dismissed. By way of background, plaintiff was employed as a clerk in the Ohio Penal Industries ("OPI") paint shop. Plaintiff alleged in his complaint that defendant Coey, the industry manager for OPI, asked him to submit a form every month which recorded staff hours and overtime. Although plaintiff was not comfortable with this request because he felt that the form was not approved by the Ohio Department of Rehabilitation and Correction, he completed the form at the instruction of his supervisor, Mr. Blakeman. Plaintiff alleged that on September 17, 2014, Coey and Cruse, the OPI superintendent, spoke with plaintiff about demoting him because he did not fill out the form. After Blakeman explained that plaintiff had in fact turned in the form as requested, Cruse and Coey decided not to demote plaintiff. However, plaintiff alleged that Coey and Cruse

3

threatened retaliation the next time plaintiff failed to follow orders.  Complaint, pp. 6, 12.

Plaintiff further alleges that after this incident, defendant Posey worked as a substitute for Blakeman while he was on vacation. When Blakeman returned, he dicovered that the lock was missing from his personal locker and filed an incident report.  When questioned by Blakeman, plaintiff stated that he had observed a broken combination lock on Posey's desk.  Plaintiff further informed Blakeman that Posey admitted that he had broken Blakeman's lock, and warned plaintiff not to tell on him.  Blakeman filed another incident report which included this information.  Plaintiff alleged that after questioning plaintiff about Posey and the lock, Coey placed plaintiff in segregation for eight days and filed a false conduct report against plaintiff which resulted in the removal of plaintiff from his prison job, the loss of plaintiff's good time, and a one-year delay in plaintiff's parole eligibility. Complaint, pp. 7-8.  Plaintiff alleged that Coey wrote the false report because he wanted to cover for Posey and had an interest in Posey retaining his position at OPI.

In addressing plaintiff's two-part retaliation claim consisting of the staff hour form incident and the lock investigation incident, the magistrate judge correctly noted that the elements of a retaliation claim are that: (1) plaintiff was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) the adverse action was motivated at least in part by the plaintiff's protected conduct.  Thaddeus-X v. Blatter, 175 F.3d 378, 394 (6th Cir. 1999).

As to the first element, the magistrate judge concluded that plaintiff had engaged in protected activity in raising questions concerning the propriety of him keeping track of staff hours and in making statements in response to his supervisor's investigation concerning the theft of the lock. Doc. 10, pp. 13-14. In regard to the second element, the magistrate judge found that plaintiff had failed to plead facts sufficient to allege that he suffered an adverse action due to his statements about the staff hours form because Cruse and Coey took no action concerning this matter. Doc. 10, p. 15. However, the magistrate judge found that loss of plaintiff's job and good time credits as a result of the false conduct report, allegedly prepared by Coey in conspiracy with Posey following plaintiff's statements during the lock investigation, was sufficient to constitute an adverse action. Doc. 10, pp. 15-16. In regard to the third element, the magistrate judge concluded that plaintiff pleaded sufficient facts to allege that the actions of Posey and Coey were motivated at least in part by plaintiff's protected conduct in making statements during a prison investigation into the missing lock. Doc. 10, pp. 16-17. Thus, the magistrate judge recommended that the retaliation claim against Posey and Coey, based on the alleged false conduct report motivated by plaintiff's response to Blakeman's investigation which lead to the loss of plaintiff's job and good time credits, be permitted to proceed. Doc. 10, p. 17.

In regard to the retaliation claim against Cruse based on the false conduct report, the magistrate judge correctly noted that plaintiff alleged at most Cruse's knowledge that the conduct report was false. Doc. 10, p. 17. Liability under §1983 cannot be based

5

on mere knowledge of wrongdoing by others or failure to act. Grinter v. Knight, 532 F.3d 567, 576 (6th Cir. 2008). The fact that Cruse was the superintendent of OPI is likewise insufficient in itself to establish a claim. See Polk County v. Dodson, 454 U.S. 313, 325 (1981)(no respondeat superior liability under §1983). Plaintiff also alleged in a general fashion that Cruse worked in concert with Coey and Posey to retaliate against him "for something he had said" and that Coey, Cruse and Posey "crafted a plan to cover up the criminal activity by falsely accusing the Plaintiff of fabricating a story about the missing lock." Complaint, pp. 10, 21. However, plaintiff also alleged that although Cruse inquired of another officer how to write a conduct report on the computer, it was Coey, not Cruse, who wrote the report. Complaint, p. 13. These conclusory allegations of conspiracy, unsupported by specific facts, are insufficient to state a claim against Cruse for retaliation. See Ashcroft, 556 U.S. at 679(mere conclusory statements do not suffice).

In his objection to the report and recommendation, plaintiff reiterates some of the above allegations contained in the complaint. He also makes additional allegations which were not in the complaint, including an isolated statement with no factual context provided which he attributes to Cruse to the effect of "We had to do what we had to do to protect one of our own." Doc. 11, p. 2. However, plaintiff may not offer, for the first time in an objection, evidence which was never presented to or considered by the magistrate judge. Murr v. United States, 200 F.3d 895, 902 n. 1 (6th Cir. 2000). Even if the court were to consider these new allegations, they would not change this court's ruling on the

6

motion to dismiss plaintiff's First Amendment retaliation claim as to defendant Cruse.

Having reviewed the report and recommendation and plaintiff's objection in accordance with 28 U.S.C. § 636(b)(1) and Rule 72(b), the court finds that plaintiff's objection is without merit.  The court overrules plaintiff's objection (Doc. 11), and adopts the magistrate judge's report and recommendation (Doc. 10).  The motion to dismiss (Doc. 6) is granted in part and denied in part.  The claims against all defendants are dismissed with the exception of the First Amendment retaliation claim against defendants Coey and Poser based on the allegations that Posey conspired with Coey to prepare a false conduct report in retaliation for plaintiff providing information to Blakeman during the investigation of the missing lock, thereby causing plaintiff to lose his job and good time credits and delaying his parole eligibility date.

It is so ordered.

Date: October 21, 2015                        s/James L. Graham
                                                      James L. Graham
                                                      United States District Judge