```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION


David A. Robison,              :

            Plaintiff,         :   Case No. 2:15-cv-944

    v.                         :   JUDGE JAMES L. GRAHAM
                                   Magistrate Judge Kemp
Woody Coey, et al.,            :

            Defendants.        :
```

## ORDER

This prisoner civil rights case, which is more fully described in the Court's Report and Recommendation of September 14, 2015 (Doc. 10), is before the Court to resolve a number of discovery-related motions as well as a motion for leave to amend. Plaintiff David A. Robison has also moved for a temporary restraining order; that motion is addressed in a separate Report and Recommendation. For the following reasons, the motion to amend will be granted, and the Court will grant Mr. Robison some relief in response to his discovery motions.

### I. Motion to Compel

This motion raises a simple issue. As of the date Mr. Robison filed it, Defendant Posey's response to a set of Requests for Admission were overdue. They were served a few days late. Counsel explained in the responsive memorandum that the delay was due, in part, to his mother's illness. It does not appear that Mr. Robison has been prejudiced by the brief delay. Therefore, the motion to compel (Doc. 21) will be denied. See Hill v. Selene Finance, 2016 WL 759837 (S.D. Ohio Feb. 26, 2016), citing Kerry Steel, Inc. v. Paragon Industries, Inc., 106 F.3d 147, 154 (6th Cir. 1997).

### II. Motion for Leave to Serve Additional Interrogatories

On March 24, 2016, Mr. Robison filed a motion for leave to serve 25 additional interrogatories on each Defendant, arguing that their responses to his requests for admission prompted the need for more interrogatories. Defendants have not responded to the motion. In the absence of a response or any argument that Mr. Robison's request is unreasonable, the Court will grant this motion (Doc. 23).

### III. Motion for Leave to Amend

Mr. Robison has also asked for leave to file an amended complaint. The allegations he wishes to add have to do with an incident which occurred on March 28, 2016, when he was briefly placed in segregation because a "nexus" report was filed suggesting that he had some relationship with a corrections officer which needed to be investigated. He stayed there for three days until it was determined that there was no substance to the report. He claims that this was part of an ongoing pattern of retaliation by the two Defendants for actively pursuing this case. Defendants oppose the motion on ground of futility, arguing that Mr. Robison's concession that he did not know exactly who initiated the report is fatal to the validity of his claim.

The Court has discretion to deny a motion for leave to amend a complaint if the proposed amendment would clearly not survive a motion to dismiss. See, e.g., Robinson v. Michigan Consolidated Gas Co., 918 F.2d 579 (6th Cir. 1990); Head v. Jellico Hous. Auth., 870 F.2d 1117 (6th Cir. 1989). However, "[t]he trial court has the discretion to grant a party leave to amend a complaint, even where the amended pleading might ultimately be dismissed." Morse/Diesel, Inc. v. Fidelity and Deposit Co. of Md., 715 F.Supp. 578, 581 (S.D.N.Y. 1989).

The amended complaint is not a model of clarity on the issue of who was responsible for the "nexus" alert. However, since Mr.

-2-

Robison has not proposed any new defendants, he must be asserting that claim against Defendants Coey and Posey. He has alleged a sequence of facts showing that shortly after he served discovery and moved to compel, the false "nexus" was lodged, and he also alleges that this was part of a pattern of retaliation he has been experiencing since 2014. See Proposed Amended Complaint, Doc. 25, at 5.9 ("the Defendants will stop at nothing with their continuous constitutional deprivations and never ending attempts to thwart the forward progress of this case"). The Court is aware that, as part of a different filing, Defendants state under penalty of perjury that they had nothing to do with this "nexus." See Doc. 32. However, the Court cannot consider factual material in determining if a proposed amended complaint states a facially valid claim. Given the circumstances here, and giving due deference to Mr. Robison's status as a pro se plaintiff, the Court will grant the motion (Doc. 25) and permit him to file his proposed amended complaint.

### IV. Motion for Supplemental Discovery

This document (Doc. 27) is actually a discovery request rather than a motion. Discovery requests are ordinarily not permitted to be filed. See Fed.R.Civ.P. 5(d). This document will therefore be stricken from the record.

### V. Second Motion to Compel

Mr. Robison's second motion to compel addresses document requests. As the parties frame the issue, the question is whether either of the two named Defendants have sufficient "possession, custody, or control" of the documents (see Fed.R.Civ.P. 34(a)(1)) to be able to produce them in response to Mr. Robison's requests. According to the responsive memorandum, Doc. 35 (which is not accompanied by any factual supporting material such as a declaration or affidavit), neither Mr. Coey nor Mr. Posey has possession, custody, or control of the

documents in question. That memorandum does not indicate who does, and specifically declines to do so in response to Mr. Robison's assertion that such information is a required disclosure under Rule 26(a)(1), noting that cases such as this one are exempt from the mandatory disclosure rules. In his response, Mr. Robison points out that these defendants have produced similar documents, raising a question about whether they have legal access to the documents at issue, or the practical ability to obtain them, even if they are not the documents' usual custodians.

This is not an unusual situation in a prisoner civil rights case where the plaintiff, as he or she must, has named only specific individuals as defendants - those who had sufficient personal involvement in the alleged unconstitutional acts to permit them to be sued under 42 U.S.C. §1983 - but requests documents in the possession of the institution in question or in the possession of the ODRC. In such cases, courts have frequently held that the Defendants, through their attorneys, who also represent the ODRC, have the practical ability to obtain such documents and therefore must do so in response to a Rule 34 request. See, e.g., Gross v. Lunduski, 304 F.R.D. 136 (W.D.N.Y. 2014). That would appear to be the case here. Defendants will therefore be directed to determine which of the documents in question they have the practical ability to obtain, considering the factors set forth in Gross and similar cases (see also Jackson v. Monin, 2015 WL 5714243 (W.D.N.Y. Sept. 29, 2015)) and produce them (or make other appropriate objections to doing so) within thirty days.

### VI. Order

Based on the foregoing, Doc. 27 is ordered stricken. Doc. 21 is denied. Docs. 23, 25, and 33 are granted. The Clerk shall detach and file the amended complaint attached to Doc. 25.

Defendants shall make a further response to the document requests which are the subject of Doc. 33 within thirty days of the date of this order.

### VII.  Motion for Reconsideration

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 14-01, pt. IV(C)(3)(a).  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect even if a motion for reconsideration has been filed unless it is stayed by either the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.


/s/ Terence P. Kemp
United States Magistrate Judge