IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

David A. Robison,

    Plaintiff,

  v.                               Case No. 2:15-cv-944

Woody Coey, et al.,

    Defendants.

## ORDER

Plaintiff, an inmate at the Chillicothe Correctional Institution ("CCI"), filed this action under 42 U.S.C. §1983 against Woody Coey, the Ohio Penal Industries ("OPI") manager, OPI Supervisor Cody Posey, and other prison officials, alleging violations of his First and Fourteenth Amendment rights. By order dated October 21, 2015, this court adopted the September 14, 2015, report and recommendation of the magistrate judge, in which the magistrate judge recommended that defendants' motion to dismiss be granted with the exception of a retaliation claim against defendants Coey and Posey.

As to the surviving retaliation claim, plaintiff alleged that while Blakeman, his supervisor in the prison paint shop, was on vacation, Posey was his substitute. Plaintiff contended that Blakeman discovered upon his return that the lock was missing from his personal locker. Blakeman filed an incident report. When questioned by Blakeman, plaintiff reported that he observed the lock on Posey's desk, that Posey admitted to plaintiff that he had broken the lock, and that Posey warned plaintiff not to report this. Blakeman filed another incident report which included plaintiff's information. Plaintiff alleged that after questioning

plaintiff about Posey and the lock, Coey filed a false conduct report against plaintiff which resulted in the removal of plaintiff from his prison job and a loss of good time credits.

This matter is now before the court on the September 9, 2016, report and recommendation and order of the magistrate judge. The magistrate judge recommended that plaintiff's motion for a temporary restraining order and preliminary injunction be denied, that defendants' motion to dismiss filed in response to the motion for a temporary restraining order be denied as moot, and that defendants' motion for judgment on the pleadings be denied. The magistrate judge's order ruled on several pending discovery motions.

The report and recommendation specifically advised the parties that objections to the report and recommendation were due within fourteen days, and that the failure to object to the report and recommendation "will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation." Doc. 70, p. 29. The time period for filing objections to the report and recommendation has expired, and no objections to the report and recommendation have been filed.

The report and recommendation (Doc. 70) is adopted. The motion for a temporary restraining order and preliminary injunction (Doc. 26) is denied, the motion to dismiss (Doc. 28) is denied as moot, and the motion for judgment on the pleadings (Doc. 40) is denied.

Plaintiff has filed a document (Doc. 72) which is styled as an

objection to the report and recommendation, but which actually objects to the magistrate judge's ruling denying plaintiff's renewed motion to compel (Doc. 53).  See Doc. 72.  The court will construe plaintiff's objection as a request for reconsideration of the magistrate judge's discovery ruling.

A discovery motion is a nondispositive pretrial motion on which the magistrate judge may rule directly.  Brown v. Wesley's Quaker Maid, Inc., 771 F.3d 952, 954 (6th Cir. 1985).  The scope of review is the "clearly erroneous" standard.  Id. (citing 28 U.S.C. §636(b)(1)(A))("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."); see also Fed.R.Civ.P. 72(a) (in regard to nondispositive pretrial matters, the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law"); United States v. Raddatz, 447 U.S. 667, 673 (1980)(review by the district court of the magistrate judge's determination of a nondispositive motion is on a "clearly erroneous or contrary to law" standard).  This standard provides considerable deference to the determinations of the magistrate judge.  Geiger Brothers Mechanical Contractors v. Lockheed Martin Utility Servs., Inc., No. C-2-98-109, 2000 WL 1456916 at *1 (S.D.Ohio Sept. 19, 2000).  The ruling of the magistrate judge on a nondispositive motion "remains binding except to the extent that the district court modifies or sets aside any part of the order that is clearly erroneous or contrary to law." Bell v. Ameritech Sickness and Accident Disability Benefit Plan, 399 F. App'x. 991, 997 n. 5 (6th Cir. 2010).

Plaintiff's second motion to compel included document request 19 (plaintiff's time clock records of his employment in the paint shop for September 30 to October 23, 2014) and document request 20 (an invoice from MSC, a vendor, showing an order in mid-summer, 2014, for 2,800 rolls of masking tape). In his order of June 16, 2016, the magistrate judge directed defendants to determine which of these documents they had the practical ability to obtain. See Doc. 37, p. 4. In his renewed motion to compel, plaintiff again sought to compel production of the documents described in document requests 19 and 20. In her response to plaintiff's renewed motion to compel, defense counsel stated that neither the defendants nor CCI had any documents in their possession, custody or control responsive to document requests 19 and 20. Doc. 59, p. 7. Based on this statement, the magistrate judge denied plaintiff's renewed motion to compel in regard to document requests 19 and 20.

In ruling on the renewed motion to compel, the magistrate judge concluded that counsel for defendants had implicitly represented "that, consistent with the Federal Rules, 'to the best of [her] knowledge, information and belief formed after a reasonable inquiry,' there are no documents responsive to these requests." Doc. 70, p. 26 (quoting Fed.R.Civ.P. 26(g)). This court agrees that defendants cannot produce documents which they do not possess or over which they have no custody or control. The magistrate judge correctly concluded that "[i]f that representation turns out not to be correct, Rule 26(g)(3) provides the potential for relief" in the form of sanctions. Doc. 70, p. 26 (citing <u>Brown v. Tellermate Holdings Ltd.</u>, No. 2:11-cv-1122, 2014 WL 2987051 at *17 (S.D.Ohio, July 2, 2014). The magistrate judge properly denied

4

the renewed motion to compel on this ground.  The court also agrees with the magistrate judge's observation that the masking tape invoice, which related to plaintiff's allegations that defendants were illegally seeking financial gain through improperly invoiced masking tape orders, was not relevant to plaintiff's remaining retaliation claim.  <u>See</u> Doc. 70, p. 21.  Therefore, document request 20 was also properly denied because it did not seek relevant information as contemplated by Rule 26.

The magistrate judge's decision to deny the motion to compel was not clearly erroneous or contrary to law.  Plaintiff's request for reconsideration of the magistrate judge's denial of his renewed motion to compel (Doc. 72) is denied.

Date: October 21, 2016             <u>     s/James L. Graham     </u>
                                   James L. Graham
                                   United States District Judge