IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

David A. Robison,                    :

        Plaintiff,            :    Case No. 2:15-cv-944

  v.                                 :    JUDGE JAMES L. GRAHAM
                                    Magistrate Judge Kemp
Woody Coey, et al.,                  :

        Defendants.           :

REPORT AND RECOMMENDATION

    This matter is before the Court on a supplemental motion for summary judgment filed by defendants Woody Coey and Cody Posey.  Plaintiff David A. Robison has not responded to the motion and the time for doing so now has passed.  For the following reasons, the Court will recommend that the motion for summary judgment be granted.

I.  Background

    The background of this case has been fully described in the Court's previous orders and will not be repeated at length here. Most recently, the Court dismissed Mr. Robison's initial retaliation claim against Mr. Posey and Mr. Coey.  See Robison v. Coey, 2017 WL 447238 (S.D. Ohio Feb. 2, 2017) adopted and affirmed 2017 WL 821680 (S.D. Ohio Mar. 2, 2017).  Still pending is Mr. Robison's claim for further retaliation by these defendants arising from the alleged issuance of a "NEXUS" report against him.  In his amended complaint, Mr. Robison describes his additional claim in this way, restated here verbatim:

        On March 31, 2016, at 2:30PM less than 24 hours
    since speaking with Ms. Knab and Warden Jenkins, the
    Plaintiff was released form (sic) Segregation without
    explanation, a sure sign that the "NEXUS" was in fact
    false.  This retaliation that the Plaintiff has and is
    suffering started in 2014 with the filing of a false

>Conduct Report and continues to this very day with the filing of a false "NEXUS" Report. It Appears that the Defendants will stop at nothing with their continuous constitutional deprivations and never ending attempts to thwart the forward progress of this case.

## II. <u>Legal Standard</u>

Summary judgment is not a substitute for a trial when facts material to the Court's ultimate resolution of the case are in dispute. It may be rendered only when appropriate evidentiary materials, as described in Fed. R. Civ. P. 56(c), demonstrate the absence of a material factual dispute and the moving party is entitled to judgment as a matter of law. <u>Poller v. Columbia Broadcasting Systems, Inc.</u>, 368 U.S. 464 (1962). The moving party bears the burden of demonstrating that no material facts are in dispute, and the evidence submitted must be viewed in the light most favorable to the nonmoving party. <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144 (1970). Additionally, the Court must draw all reasonable inferences from that evidence in favor of the nonmoving party. <u>United States v. Diebold, Inc.</u>, 369 U.S. 654 (1962). The nonmoving party does have the burden, however, after completion of sufficient discovery, to submit evidence in support of any material element of a claim or defense on which that party would bear the burden of proof at trial, even if the moving party has not submitted evidence to negate the existence of that material fact. See <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986); <u>Anderson v. Liberty Lobby</u>, <u>Inc.</u>, 477 U.S. 242 (1986). Of course, since "a party seeking summary judgment ... bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact," <u>Celotex</u>, 477 U.S. at 323, the responding party is only required

to respond to those issues clearly identified by the moving party as being subject to the motion.  It is with these standards in mind that the instant motion must be decided.

### III. Analysis

Defendants have moved for summary judgment on Mr. Robison's additional retaliation claim raising several arguments.  First, they contend that, as the Court previously found with respect to his initial retaliation claim, Mr. Robison was not engaged in protected conduct.  Further, they assert that Mr. Robison has submitted no evidence demonstrating that they filed the alleged "NEXUS" report and they previously have filed declarations attesting that they did not.  Additionally, they explain that Mr. Robison has not exhausted his administrative remedies with respect to this claim.  They have attached to their motion the declaration of Antonio Lee, Assistant Inspector for ODRC, detailing Mr. Robison's failure properly to exhaust his administrative remedies.  Finally, they argue that they are entitled to qualified immunity.

As noted, Mr. Robison has not responded to the current summary judgment motion.  However, Fed.R.Civ.P. 56 indicates that the failure to respond to a motion for summary judgment alone is not sufficient grounds for granting summary judgment.  See Lyons v. Donahoe, 2015 WL 457855, *4 (S.D. Ohio Feb. 2, 2015)("A nonmovant's failure to respond to a motion for summary judgment does not, in itself, entitle the movant to judgment as a matter of law").  Specifically, Rule 56(e) states:

> If a party fails to properly support an assertion of facts or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> (1) give an opportunity to properly support or address the fact;
>
> (2) consider the fact undisputed for purposes of the

-3-

motion;

(3) grant summary judgment if the motion and supporting materials - including the facts considered undisputed - show that movant is entitled to it; or

(4) issue any other appropriate order.

Consequently, despite the fact that Mr. Robison has not responded to the defendants' motion, the Court must determine whether they are entitled to judgment against him as a matter of law.

In order to establish a retaliation claim, Mr. Robison must prove that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) the adverse action was motivated at least in part by his protected conduct. Thaddeus-X v. Blatter, 175 F.3d 378, 394 (6th Cir. 1999).  The Court agrees with the defendants that Mr. Robison's additional retaliation claim cannot succeed.

As Mr. Robison explained his claim, the filing of a false "NEXUS" report is a further act of retaliation in response to the same conduct that the Court already has determined did not constitute protected conduct for purposes of a First Amendment retaliation claim.  As the Court previously stated:

> Lying is not protected conduct.  As defendants note, "[a] finding of guilt based upon some evidence of a violation of prison rules, 'essentially checkmates [a] retaliation claim.'" Jackson v. Madery, 158 Fed. Appx. 656, 662 (6th Cir. 2005), quoting Henderson v. Baird, 29 F.3d 464, 469 (8th Cir. 1994).  Here no genuine issue exists as to the fact that Sgt. Parnell found Mr. Robison guilty of lying based on "some evidence."

Robison v. Coey, 2017 WL 447238, at *8.

For this reason, the Court will recommend that the defendants' motion for summary judgment as to Mr. Robison's additional retaliation claim be granted.

IV.  <u>Recommendation</u>

For the reasons stated above, it is recommended that the supplemental motion for summary judgment (Doc. 77) be granted and that judgment be entered in favor of the defendants.

PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).


/s/ Terence P. Kemp
United States Magistrate Judge